*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MALL AT BRIARWOOD, LLC,

        Petitioner-Appellant,

v

CITY OF ANN ARBOR,

        Respondent-Appellee,

and

DEPARTMENT OF TREASURY,

        Intervening Respondent-Appellee.

UNPUBLISHED
February 25, 2025
10:47 AM

No. 365726
Michigan Tax Tribunal
LC No. 21-000829-TT

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

YOUNG, J, (*dissenting*).

I respectfully dissent. Before I explain why, I first point out that there is much upon which I agree with my colleagues: I do not dispute any of the facts, the procedural posture, or the holding with respect to jurisdiction. Where we part ways is in the application of the *Radiant Logistics* factor four.

I instead agree with the trial court that the independent value of the petitioner's information is "speculative and inconclusive." Petitioner presents a wealth of information about their property and its inhabitants, over a long span of time. And I agree with the majority that the age of information does not in and of itself increase or decrease the value of that information. In fact, I would go as far as to say that the information provided is not generally available and seemingly would have at least some value to competitors in the real estate market. But saying so, versus presenting "competent, material and substantial evidence" to support the conclusion are two distinct matters. I do not think the trial court abused its discretion when it determined that standard was not met, despite multiple opportunities for plaintiffs to present evidence of the value of its information.

I also agree that the six factors to consider under *Radiant Logistics* are not six mandates but instead, instructive guidelines. *Learning Curve Toys, Inc v PlayWood Toys, Inc*, 342 F3d 714, 722 (CA 7, 2003). It follows then that, just as "the fact that two factors did not weigh in petitioner's favor did not necessarily mean that petitioner's information did not fall within the definition of a trade secret under the MUTSA," the opposite is also true—the absence of two factors *could* support a conclusion that petitioner's information did not fall within the definition of a trade secret. To the extent we think that the tax tribunal applied the *Radiant Logistics* factors like a check list rather than guideposts, that would be an abuse of discretion and would require a remand to properly assess the six considerations. That would not, however, require a conclusion that the materials presented by plaintiffs are trade secrets.

Because I would affirm, or at most, remand for reapplication of the six *Radiant Logistics* factors, I dissent.

/s/ Adrienne N. Young